HOFFMAN MOTORS, INC., a corporation, Plaintiff and Appellant,

v.

Kenneth ENOCKSON, Defendant and Appellee.

Civ. No. 9150.

Supreme Court of North Dakota.

March 24, 1976.

As Amended April 1, 1976.

Farhart, Rasmuson, Olson & Lian and Robert A. Buttz, Minot, for appellant; argued by Steven C. Lian, Minot.

E. J. Rose, Bismarck, for appellee.

PEDERSON, Judge.

Hoffman Motors, Inc. of Washburn sued Kenneth Enockson to recover $2,032.14 on an account. The trial court, without a jury, awarded a judgment of $857.18, plus costs of $36.00, but allowed no interest. Hoffman Motors appeals but challenges none of the findings, arguing that the court improperly applied the law. We affirm but remand for allowance of interest.

The most pertinent findings are that Enockson's account at Hoffman Motors shows purchases and charges totaling $1,876.35, less payments of $1,019.17, leaving a balance of $857.18, and that a tractor purchased by Enockson from Hoffman Motors required repairs totaling $952.44. The trial court concluded that Enockson owed the $857.18, without interest and without service charges which had been periodically added to the account. However, because of the provisions of § 51–07–07, NDCC, Enockson was not obligated to pay the $952.44.

The tractor, a used International with a special type hitch, was located in Wisconsin at the request of Enockson and transported to Washburn by Hoffman Motors. Enockson took the tractor for a tryout in April 1971 and, when it broke down during the first day, it was returned to Hoffman Motors and repaired. The retail order form (or purchase contract) signed on May 13 contained a complete disclaimer of warranty. However, Enockson claims that an agent of Hoffman Motors assured him that if anything else was wrong with the tractor "they would get the bugs out of it."

During the balance of the month of May and in early June, Enockson tried to use the tractor for his farming operation but continual breakdowns occurred. Major repairs (costing $952.44) were completed by Hoffman Motors in early August and the tractor was returned to Enockson. When the tractor still did not work to Enockson's satisfaction, he took it to a different shop and had it fixed.[1] In November, Enockson and Hoffman Motors met and discussed the

account and, when Enockson failed to pay, this action was brought. At the end of the trial counsel for Hoffman Motors was directed to, and did, prepare findings of fact and, on this appeal, states that the findings are not challenged.

Section 51–07–07, NDCC states:

"Any person purchasing any gas or oil burning tractor, gas or steam engine, harvesting or threshing machinery, for his own use shall have a reasonable time after delivery for the inspection and testing of the same, and if it does not prove to be reasonably fit for the purpose for which it was purchased, the purchaser may rescind the sale by giving notice, within a reasonable time after delivery, to the parties from whom any such machinery was purchased, or the agent who negotiated the sale or made delivery of such personal property, or his successor, and by placing the same at the disposal of the seller. Any provision in any written order or contract of sale, or other contract, which is contrary to any of the provisions of this section, hereby is declared to be against public policy and void."

(The underlined portion was a separate section when enacted and remained separate until the code reviser combined the two sections for clarity without change of meaning. See reviser's notes in Code Revision Report, 28th Legislative Assembly, Revised Code of 1943.)

Hoffman Motors claims that since Enockson never asked for rescission of the contract and has kept the tractor, the warranty of fitness under § 51–07–07 cannot be applied. The trial court said that, though § 51–07–07 speaks only of rescission, the North Dakota Supreme Court has interpreted it to allow the buyer a cause of action for breach of warranty. Although the trial court did not cite any specific cases, it was undoubtedly aware of *Kramer v. K. O. Lee & Son Co.*, 61 N.D. 28, 237 N.W. 166 (1931), where this court said:

---

1. At some time during this period, unidentified in the record, the ownership of Hoffman Motors changed hands. This undoubtedly had

some effect on the dealings between the parties.

"Though plaintiffs failed to rescind within time, they are not necessarily shut off from all remedy. It is only when they have claimed and been granted the remedy of rescission under the provisions of section 5991a [now the first part of § 51–07–07] that this method is exclusive."

■ The reason the plaintiffs in *Kramer* were not without remedy was because they had an action based on fraud and deceit. Section 51–07–07, NDCC, does not provide for any remedy other than rescission. Section 51–07–07, however, does play a part in this action.

The retail order form which Enockson signed for the purchase of the tractor contained the following complete warranty disclaimer:

"Each item of USED equipment covered by this order is sold AS IS WITH NO WARRANTY OF ANY CHARACTER, express or implied, unless seller completes and endorses the 'Seller's Used Equipment Warranty' printed below."

The used equipment warranty was not completed or endorsed.

■ This complete disclaimer is in accordance with § 41–02–33, NDCC (2–316, UCC), which allows for exclusion or modification of warranties. However, § 41–02–02, NDCC, states that Chapter 41–02 does not "impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers." Therefore § 51–07–07 is given full effect and the disclaimer provision in this case is void as it is in conflict with § 51–07–07, NDCC.

This interpretation may make it impossible to include a complete disclaimer in a sales agreement for tractors and harvesting machinery but this is the effect of § 51–07–07.

This statute was enacted in two sections as Chapter 238, S.L.1919. Although we have found no legislative history or writing

that has described the specific purpose of this enactment, we know from many political historians that the Legislative Assembly of 1919, dominated by the Nonpartisan League, had, for its purpose, the termination of exploitation of the farmer.[2] In 1963, Professor Tisdale, in writing on the *Impact of the Uniform Commercial Code on the Law of Contracts*, 43 N.D.L.Rev. 7, 34, refers to § 51–07–07 as having been enacted to eliminate unconscionable clauses in sales contracts. If the protection afforded by this statute is deemed inappropriate for the modern, educated farmer, it is up to the Legislature, not the court, to modify or repeal it.

■ As we have noted hereinbefore, the public policy statement which makes disclaimers void was enacted separately from the provision authorizing purchasers to rescind if the tractor or harvesting machine proves to be unfit for the purpose for which it was purchased. We conclude that the provision in § 51–07–07 relating to voiding a disclaimer of warranty can be relied upon by one who does not demand rescission.

Once the disclaimer provision is voided, Section 41–02–31, NDCC (2–314, UCC), injects an implied warranty of merchantability into the contract for the sale of the tractor. Section 41–02–31, NDCC, states in part:

"1. Unless excluded or modified (section 41–02–33), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *

"2. Goods to be merchantable must be at least such as
a. * * *
b. * * *
c. are fit for the ordinary purposes for which such goods are used; * * * "

■ Even though it was labeled a conclusion, the trial court found as a fact that the tractor was not fit for farm work, the pur-

**2.** John M. Holzworth, *The Fighting Governor* (Chicago: The Pointer Press, 1938); Agnes Geelan, *The Dakota Maverick* (Fargo, N.D.: Kaye's Printing, 1975); Bruce Nelson, *Land of* *the Dacotahs* (Minneapolis: University of Minnesota Press, 1946); Lloyd B. Omdahl, *Insurgents* (Brainerd, Minn.: Lakeland Color Press, 1961).

pose for which it was purchased. There was ample evidence to support this finding and we do not find it clearly erroneous. We agree with the conclusion of law that the repairs to the tractor in the sum of $952.44 are not the obligation of Enockson is a correct application of the law to the facts in this case, and we affirm the judgment.

The trial court concluded that Hoffman Motors was not entitled to interest on the account due it. We know of no law which supports this conclusion.

The court may have been acting on the principle that interest should not be allowed on an unliquidated or disputed claim for breach of contract until the amount due is definitely determined by entry of judgment. *North American Pump Corp. v. Clay Equipment Corp.,* 199 N.W.2d 888 (N.D. 1972). The $857.18 awarded by the court, however, did not involve items which were in dispute. The disputed items were only those relating to the repair of the tractor.

Hoffman Motors claimed that Enockson had agreed to a revolving charge agreement with interest at 1½% per month; however, Section 51–14–02, NDCC, states in part:

"Every revolving charge agreement shall be in writing and shall be signed by the retail buyer."

We find nothing in the record to show that Enockson signed a revolving charge agreement with Hoffman Motors. We therefore apply the legal rate of interest which is set out in Section 47–14–05, NDCC, at 4% per annum.

Using the same accounting method as the trial court did in reaching the amount due Hoffman Motors, we conclude that, as of the date judgment was entered, the interest on the account due Hoffman Motors is $135.27. We remand for the purpose of amendment of the judgment to allow recovery of interest in the amount of $135.27.

Neither party shall recover costs on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.